The Honorable Robert Dittrich Prosecuting Attorney Eleventh Judicial Circuit-East 305 South College Stuttgart, Arkansas 72160
Dear Mr. Dittrich:
I am writing in response to the request of Deputy Prosecuting Attorney W. Bishop Woosley for an opinion on the legality of a proposed Arkansas County ordinance in light of language contained in A.C.A. § 21-6-307(b)(1) and (2). Specifically, Mr. Woosley states that he has been requested by the Arkansas County Judge to prepare an ordinance "with the intention of allowing the Sheriff of Arkansas County, Arkansas to charge fees in the amount of Twenty Dollars ($20.00) for the entering of every bail or delivery bond." Mr. Woosley also states that the County Judge requested that the ordinance reflect that one hundred percent of the funds collected for the taking and entering of every bail or delivery bond be deposited by the Sheriff in the County Jail Sales Tax Fund. Mr. Woosley states that he has concerns that the language of the proposed ordinance may conflict with the statutory language of A.C.A. § 21-6-307, specifically (b)(1) and (2), and he therefore seeks my opinion as to the legality of the proposed ordinance.
RESPONSE
In my opinion the proposed ordinance is contrary to state law.
The relevant statute, A.C.A. § 21-6-307 (Repl. 2004), sets out the fees that may be charged by the county sheriffs of the several counties of the State of Arkansas. Among other fees, it authorizes the imposition of a twenty dollar fee for "taking and entering every bail and delivery bond." A.C.A. § 21-6-307(a)(15). Subsection (b) of the same statute addresses the deposit of the fees collected. It provides as follows:
 (b)(1) Seventy-five percent (75%) of all fees collected by the sheriff shall be paid into the county treasury in the manner provided by law, or to the person entitled to receive the money, or to his or her order, or to his or her attorney of record.
 (2)(A) The remaining twenty-five percent (25%) of all fees collected by the sheriff shall be used by the sheriff to establish a special fund to be known as the communications facility and equipment fund.
 (B) All funds so designated shall be invested by the sheriff in an interest-bearing account or certificate of deposit in one (1) or more banking institutions domiciled within the State of Arkansas and insured by the Federal Deposit Insurance Corporation.
 (C) All sums paid into the communications facility and equipment fund by the sheriff may accumulate as to principal and interest until such time as the deposits or a portion thereof are needed by the sheriff to:
(i) Train operations staff;
 (ii) Operate, equip, repair, or replace existing communications equipment;
 (iii) Purchase additional communications equipment; or
 (iv) Otherwise improve a communications facility or system for the sheriff's department.
 (D) At the discretion of the sheriff, any funds not needed by the sheriff for any of the purposes under this subdivision (b)(2) may be transferred to the county general fund.
Subsection (c) of A.C.A. § 21-6-307 provides that: "The court clerk shall on or before the fifteenth day of each month transmit to the sheriff the fees collected under this section, and the sheriff shall dispose of the fees as provided in this section."
Your question is whether the proposed ordinance, which would designate one hundred percent of the twenty dollar fee mentioned above for deposit into the County Jail Sales Tax Fund would be contrary to the statutory subsections mentioned above. In my opinion the ordinance, if adopted, would contravene the statutory language.
Although counties in Arkansas are granted broad legislative powers under Arkansas Constitution, Amendment 55, and quorum courts may "exercise local legislative power not denied by the Constitution or by law," it is clear that a county cannot adopt "[a]ny legislative act contrary to the general laws of the state." A.C.A. § 14-14-805(13) (Repl. 1998). Section 21-6-307(c), which is a "general law of the state" addresses the disposition of all fees collected by sheriffs under A.C.A. § 21-6-307. Seee.g., Op. Att'y. Gen. 1993-294, citing Op. Att'y. Gen.1987-293. The twenty dollar fee charged for the taking and entering of every bail or delivery bond is one such fee. Its disposition is governed by A.C.A. § 21-6-307. The relevant statute requires seventy-five percent of all fees collected to be paid into the county treasury or to the person entitled to receive the money and the remaining twenty-five percent of all fees collected is to be deposited by the sheriff into a special fund, the "Communications Facility and Equipment Fund." The statute does not provide for the deposit of any funds by the sheriff into a "County Jail Sales Tax Fund." As a consequence, in my opinion the proposed ordinance is contrary to law.
I addressed a related question in Op. Att'y. Gen. 2003-074. In that opinion a question was posed concerning whether "a county quorum court had the authority to use funds collected under21-6-307 as a line item in the yearly county budget instead of separately placing the funds in an interest bearing account as specified to be used by the sheriff." I answered the question in the negative, stating:
 I assume that your first question arises from the language emphasized above, which specifies the allocation of 25% of fees collected by the sheriff. Your question, in essence, is whether a quorum court has appropriation authority over this 25% amount. See generally A.C.A. § 14-14-907(a)(3)(B) (authorizing the quorum court to enact specific (so-called "line-item") appropriations through the adoption of an annual budget). [Footnote omitted.]
 As you can see, Section 21-6-307 (b) (2) is explicit in requiring that 25% of the sheriff's fees be used to establish a "communications facility and equipment fund," with the funds invested by the sheriff in an interest bearing account or certificate of deposit. It is clear, in my opinion, that the quorum court has no authority over the appropriation or expenditure of these funds.
Id. at 3.
I also noted, in response to a second question posed in Opinion2003-074, that violation of the statutory mandate regarding the use of these funds could lead to an audit notation by the Division of Legislative Audit, an investigation by the Legislative Joint Auditing Committee, or a possible illegal exaction suit under Arkansas Constitution, art. 16, § 13.
In my opinion, for the foregoing reasons, the proposed ordinance Mr. Woosley has enclosed would be contrary to law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh